IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STANLEY MOSELEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:19-CV-729-ALB |
| | ) | [WO] |
| JOY BOOTH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Stanley Moseley, an inmate incarcerated at the Autauga Metro Jail in Prattville, Alabama, files this 42 U.S.C. § 1983 action for injunctive relief against Judge Joy Booth and police officers Steven Ashley and Joseph Hicks. Moseley alleges that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged by the conduct and actions of Defendant Booth during his state criminal court proceedings before the Circuit Court for Autauga County, Alabama. Moseley also complains Defendants Ashley and Hicks fabricated evidence against him and subjected him to an illegal search and seizure and an unlawful arrest.

Upon review, the court concludes that dismissal of the complaint against Defendant Booth and dismissal of Moseley's claim of fabricated evidence against Defendants Ashley and Hicks prior to service of process is appropriate under 28 U.S.C. § 1915A(b)(1).

## I. STANDARD OF REVIEW

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees as early as possible in the litigation. The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or

which states no claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1) & (2). The court may *sua sponte* dismiss a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) the court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous as a matter of law where the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations, *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

The court may dismiss a complaint, or any portion thereof, under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Dismissal under § 1915A(b)(1) may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation

2

marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).  However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## II. DISCUSSION

A.     **Judge Booth**

1.  **Declaratory and/or Injunctive Relief**

a.  <u>**Non-Final Orders**</u>. Moseley's allegations against Judge Booth concern rulings and/or decisions she made in her judicial capacity during state court criminal proceedings over which she had jurisdiction. To the extent Moseley seeks relief from adverse decisions issued by Judge Booth which are not yet final, he is not entitled to relief from this court on such claims as there is an adequate remedy at law.   *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (holding that "[i]n order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law.").   Specifically, Moseley could

3

appeal orders issued by the state court to the appropriate higher state court.  Since state law provides an adequate remedy for Moseley to challenge non-final orders, he is "not entitled to declaratory or injunctive relief in this case."  *Id*. at 1243.

**b**.  **Final Orders**.   Regarding the claims presented by Moseley challenging the constitutionality of orders issued by Judge Booth which have become final under state law, this court lacks jurisdiction to render such judgment in an action filed under 42 U.S.C. § 1983.  "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Moseley from proceeding before this court as this case, regarding any claims challenging final orders issued by a state court, is " 'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'  544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (holding that federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (holding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of the request for relief from final actions undertaken by Judge Booth during proceedings related to Moseley's state court criminal case is appropriate under 28 U.S.C. § 1915A(b)(1). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *Neitzke*, 490 U.S. at 327.

**B.     Pending Charges**

Moseley alleges Defendants Ashley and Hicks fabricated evidence against him to support the criminal charges pending against him before the state courts of Autauga County, Alabama.  A ruling in favor of Moseley on the admissibility of this evidence could adversely affect the State's criminal prosecution against him.

In *Younger v. Harris*, 401 U.S. 37, 44–45 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin or hinder a criminal prosecution against them in state court.  "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 Fed. App'x 812, 813 (11th Cir. 2008) (citing *Younger*, 401 U.S. at 37).  *Younger* therefore directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances.  401 U.S. at 43–45.  "In order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings.  The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted).  Abstention is required under *Younger* when state judicial proceedings are pending, the proceedings implicate important state

interests and the state proceedings provide an adequate opportunity to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274.

Each of the requisite elements for *Younger* abstention are present. First, Moseley is awaiting trial on criminal charges before a state court. Second, enforcement of the law is an important state interest. Finally, Moseley may raise his challenge to the validity of the evidence in the pending state court proceedings and, if unsuccessful before the trial court and upon conviction, on direct appeal before the state appellate courts. However, exceptions to *Younger* abstention include situations where (1) irreparable injury as a result of the prosecution is both "great and immediate"; (2) the state law at issue flagrantly and patently violates the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*).

Here, Moseley has alleged no facts which warrant application of the exceptions to *Younger* abstention as his claims challenging the validity of the evidence do not assert the type of bad faith or harassment that would justify the relief attendant to this claim — exclusion of the challenged evidence from his pending state criminal cases. And the mere fact that Moseley must defend himself in state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution, [is not] considered 'irreparable' in the special legal sense of that term."). Consequently, Moseley's challenge to the veracity of evidence in his pending criminal case is due to be summarily dismissed since equity, comity and federalism concerns require the court to abstain from considering such claims.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.    Plaintiff's complaint against Defendant Booth be DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1);

2.    Defendant Booth be TERMINATED as a party to the complaint;

3.    Plaintiff's claims against Defendants Ashley and Hicks which challenge the veracity of evidence in his pending state criminal cases be DISMISSED under 28 U.S.C. § 1915A(b)(1) as such claims are barred by the *Younger* abstention doctrine;

4.    This case regarding Plaintiff's allegations that Defendants Ashley and Hicks subjected him to an illegal search and seizure and an unlawful arrest be referred to the undersigned for further proceedings.

 It is further

ORDERED that **on or before December 17, 2019**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust*

*Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885

F.2d 790, 794 (11th Cir. 1989).

      Done, this 3rd day of December 2019.


                         /s/    Stephen M. Doyle           
                      UNITED STATES MAGISTRATE JUDGE